FILED
FEB 02 2007
U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re:                              ) Chapter 7
                                    )
THOMAS G. BACH,                     ) No. 4:06-bk-01608-JMM
                                    )
            Debtor.                 ) No. 4:06-bk-01614-JMM
                                    )
In re:                              )
                                    ) **MEMORANDUM DECISION**
GEORGIA C. BACH,                    )
                                    )
            Debtor.                 )

The Debtors have requested that this court:

1. reinstate their dismissed cases;
2. alter the statutory filing fee requirements; and
3. waive their filing fees.

This procedural request suffers from numerous defects which this court is unable to cure.

The federal statute which governs bankruptcy fees is 28 U.S.C. § 1930. Waiver of the filing fee is only authorized in a <u>chapter 7</u> case, and then only with specific proof that the individual has income which is less than 150 percent of the official poverty line. For a family of two, that figure is $20,535. What this statute means is that the appropriate case fee is based upon the <u>initial</u> chapter chosen by the parties, not the one to which the case may be later <u>converted</u>. Additionally, no information has been provided to the court regarding the Debtors' income and expenses in case nos. 06-1608 and 06-1614, because the Debtors never filed schedules or statement of affairs in those cases, despite this court's order which required that they do so over a month ago. (See 06-1608, Dkt. #5 requiring such documents by December 28, 2006; see 06-1614, Dkt. #4 requiring such documents by December 28, 2006.)

Despite the fact that neither Debtor, in either case, paid their entire filing fee, nor filed schedules and statements of affairs, they nonetheless were allowed to present a full defense to a secured creditor's stay relief motion on January 5, 2007. This hearing took place while their cases were still in chapter 11, and despite the Debtors having neither paid their full filing fees or their having complied with the court's orders, and their duties, to file their schedules and statements of affairs.

Simply because the Debtors were unable to succeed in chapter 11, and they asked for--and were granted--leave to convert their case chapters to ones under chapter 7, does not dispense with the requirement that they must still pay the fee for the cases under the chapter which they originally chose, chapter 11.

In short, the court has no statutory authority to waive the chapter 11 filing fees, the chapter chosen by the Debtors in the first instance.[1]

The unpaid filing fee necessary to <u>reinstate</u> each of <u>these cases</u> is:

| | | |
|---|---|---|
| Thomas G. Bach | 06-1608 | $989 |
| Georgia C. Bach | 06-1614 | $989 |

As noted, the court has no statutory power to waive those fees. Simply because there may have been "discussions" with the clerk's office staff does not alter these hard facts, nor change the law, nor even allow the court to invoke its discretion. Indeed, the clerk's staff's comments that the Debtors owed the balance of the chapter 11 fees were correct. Even so, the clerk's office cannot give legal advice, nor can informal discussions with court staff change what Congress has mandated.

Therefore, the court will not consider reinstating the Debtors' cases 06-1608 and 06-1614 unless the balance of the filing fees, noted above, are paid.

The Debtors may, if they choose, file a new joint petition under chapter 7, provided that they comply with all of chapter 7's requirements, and pay or gain a waiver of the $299 filing fee.

---

[1] Nor does it matter if those cases were later consolidated. The amount of the fee is determined by the chapter chosen on the first day of the case.

Or, additionally, if the Debtors remain unconvinced by either the law or the reasoning behind this decision, they may file an appeal within ten days.

Accordingly, a separate order will be entered which:

A. DENIES the Debtors' joint motion to reinstate their dismissed cases;

B. DENIES their motion to alter the statutory filing fee requirements; and

C. DENIES, as moot, their motion to waive the filing fees.

Any appeal of this order must be taken within ten days. FED. R. BANKR. P. 8002.

DATED: February 2, 2007.

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

COPIES served as indicated below
this 2nd day of February, 2007, upon:

Thomas G. Bach
1967 West Calle Mecedora
Tucson, AZ 85745
Email gbach@extremezone.com

Georgia C. Bach
1967 West Calle Mecedora
Tucson, AZ 85745
Email gbach@extremezone.com

Gayle Eskay Mills
P.O. Box 36317
Tucson, AZ 85740
Chapter 7 Trustee
Email Gayle.Mills@azbar.org

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706
U.S. Mail

By /s/ M. B. Thompson
 Judicial Assistant

3